Van Brunt, P. J.
In this matter the commissioners having-made an award to the estate of Ann Bolton for land and property *689 taken for the public parks, and there being claims against such award by the attorneys for services rendered and by the executors for expenses incurred in the procuring of such award, a reference was ordered to take proof and for the referee to report with his opinion thereon upon the claims presented. At the time of the confirming of the award to the estate of Ann Bolton, and at the time of the making of the order of reference in question, the court was entirely ignorant o£ the facts which have been disclosed upon this reference. If the court had been aware of these circumstances there would have been no confirmation of such award in the form in which it then stood.
It appeared from the report of the commissioners that the devisees of Ann Bolton were the owners of certain real estate included within the limits of the public parks and which was to be taken for this public improvement.
It further appeared that upon this property had been erected certain machinery which had been used for a considerable time in the carrying on of a certain business. The taking of this land necessitated the removal of the machinery, which would result in great damage to these owners, and therefore the commissioners made an award in which was included as damages to the realty some compensation because of the loss resulting from the necessary removal of the machinery; and this award was confirmed by the court upon the theory that although no award could be made for personal property, as the city had no right or authority to acquire the title to personal property, yet the owner of the realty, in order to receive due compesation for the property taken from him, was entitled to claim. and have awarded some compensation for damages sustáined by the compulsory removal from the land taken of machinery with which his business had been carried on.
Before the commissioners the claim presented by the present claimants was a claim of the estate of Ann Bolton as owners of this property, both of the realty and also of the machinery; and they presented their claim for a large award because the owners of the fee had the right to keep the machinery upon the real estate taken as long as they might choose; and the award was made upon that basis and in accordance with that claim, and the fact that the estate of Ann Bolton was not the owner of certain portions of this machinery was studiously concealed by these very claimants in order that the award might be enhanced.
Now what is the fact as disclosed by the evidence taken before the referee in this proceeding?
Claims are presented for a part of this award by these very persons who before the commissioners alleged this machinery to belong to the estate of Ann Bolton; they now alleging that they are the individual owners of a considerable share thereof, and as a consequence are entitled to a portion of the award.
We do not think that in a court of equity such a claim can be tolerated.
They knew that if the fact was known that they were the owners of a portion of this machinery under a lease which terminated *690 in a very short period of time, that the amount of the award would be very seriously affected, because the damages arising from the taking of the land depended largely upon the absolute - right of the owner to keep the machinery in its then present condition. These claimants, however, being simply lessees, would be required in any event to remove it at the end of the term, and consequently their damages would be very much less.
Now, after resorting to this suppression of facts and presenting before the commissioners a claim which they knew to be false, can they be permitted in this proceeding to reap the fruits of their deception? We think not.
For the purpose of increasing the award they represented this property to belong to the estate of Ann Bolton. The award having been increased because of that representation, they cannot - now be permitted to deny it; and the award must be paid to the devisees or heirs of Ann Bolton to whom it was made, in pursuance of the. claim of such estate presented by the present claimants. It is apparent from the report of the commissioners to whom the award was made. It is apparent that such award is in accordance with the claim urged by these parties who are now seeking to prove the contrary of that which they induced the commissioners to believe, whereby the award they are now trying to seize tipon was largely increased.
It is clear that no part of this award can go to the personal representatives of Ann Bolton. It was made as an award of realty, for damages sustained by Ann Bolton by reason of the taking of the realty. The commissioners had no power to award for the taking of personal property and whatever damages arose attached to the realty, and consequently when the award was made to the estate of Ann Bolton it was made to the persons entitled to take her realty and they seem to be the devisees under her will.
We think, therefore, that the report of the referee should not be confirmed in this respect, but that the award should be paid to the persons to whom the present claimants alleged before the commissioners the property belonged.
The only other question which it is necessary to discuss is the question as to the right of the parties who were employed by the executors of Ann-Bolton to protect the rights of the estate before the commissioners, and to establish by proof the value of the property to be taken, to be paid out of the funds for the services thus rendered.
It is urged that because the executors had no title to the real estate, they could incur no obligations which could possibly be a charge upon the estate as against the owners thereof.
It appears from the evidence that although these executors had no legal title to this estate and were not entitled to the possession of the same, yet still they went into possession and managed the estate, paying insurance upon the buildings and taxes, paying off and reducing mortgages on such estate, doing -everything in fact, in the management of the estate which was necessary to be done; and this with the assent of all the owners. Such being the rela *691 tion of these executors to this estate, they became necessarily the agents of the parties interested and were bound to exercise their best, efforts in the protection of the rights of the estate.
If these executors, having thus assumed the management of this estate, had taken no measures to protect the same before these commissioners, but had allowed the proceedings to go by default, and thereby an improper and inadequate award had been made, we should have had the present objectors, Mrs. Myers and Mrs. Littlewood, claiming with much more ardor than they now exhibit, that these executors were negligent in the performance of a trust which they had accepted and taken upon themselves, and they having been damnified by such negligence, the executors had become personally liable to them for the loss as they had a right to rely upon the efforts of the execntors to protect the estate, having assumed its management.
But the efforts of these executors and the fraudulent suppression of the truth from the commissioners by these executors having resulted in a large award to the estate, in which Mrs. Myers and Mrs. Littlewood participate, the latter now claim that the executors had no right to use the ordinary means which a person in charge of an estate would employ to protect the rights confided to his care.
We think no such claim can be sustained. They permitted and sanctioned the management of the estate by the executors, and accepted the benefits of such management; and they cannot now be heard to say that such benefits shall not be proportionately diminished to the extent of the expenses necessarily and properly incurred.
The referee finds, correctly, that these services and expenses largely augmented the award made to the estate and that they were reasonable. And there can be no question, under this finding, had the executors been the trustees of this real estate under the will, that it is a disbursement which would have been allowed them. How although they were not trustees under the will, they having become such by the consent of the parties, it is their right to have these expenses reimbursed out of the fund created largely through their efforts and those of the persons whom they employed.
We think, therefore, that the claims for services rendered and expenses incurred should be paid out of the fund in question.
Daniels, J., concurs.